UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Cause No. 4:08-cr-5-SEB-MGN |
| ERIC RAND WILSON, | ) ) ) | |
| Defendant | ) | |

**<u>MAGISTRATE JUDGE=S REPORT AND RECOMMENDATION</u>**

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on November 14, 2013, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on November 14, 2013 and the Supplemental Petition for Warrant or Summons for Offender Under Supervision filed with the Court on February 26, 2014, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. ' ' 3401(i) and 3583(e) and (g). An Initial Hearing in this matter was held on November 15, 2013, and disposition proceedings were held on March 26, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. ' 3583.

At the Initial Appearance, the defendant, Eric Rand Wilson, appeared in person with his appointed counsel, Eric J. Weitzel. The government appeared by Bradley P. Shepard, Assistant United States Attorney, via telephone. U.S. Probation appeared by Brian Bowers, who participated in the proceedings. At the Final Revocation Hearing, the defendant appeared in

1

person with his retained counsel, David S. Mejia. AUSA Shepard appeared in person for the government. USPO Bowers also participated in the proceedings on that date.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. ' 3583:

1. On November 15, 2013, Eric J. Weitzel was present for the initial hearing and was appointed by the Court to represent Mr. Wilson regarding the pending Petition on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Wilson and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Wilson was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Wilson was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Wilson was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Wilson was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Wilson had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker=s designation entered on November 14, 2013.

7. Mr. Wilson waived his right to a preliminary examination and a detention hearing and executed written waivers of the same.

8. A Final Revocation Hearing was set for December 19, 2013 at 1:30 PM. On December 3, 2013 the Court, on its own motion, vacated the revocation hearing set for December 19th and reset the same for January 7, 2014 at 10:30 AM.

9. On January 6, 2014, David S. Mejia filed a Motion to File Appearance as retained counsel, as well as a Motion to Continue the Revocation Hearing set for January 7, 2104. Mr. Mejia's Motion to Permit Appearance as Retained Counsel was granted and the appearance of Eric Weitzel, as CJA counsel, was ordered withdrawn.

10. The Final Revocation hearing was reset for February 18, 2014 at 3:30 PM. On the date of the scheduled hearing the Government filed a Motion to Continue the revocation hearing, to which the Defendant did not object. Therefore, the Court granted the Motion, and vacated the hearing set for February 18th, to be reset upon the resolution of the Defendant's pending Motion to Suppress, which was filed on February 17, 2014.

11. On February 26, 2014, the US Probation Officer filed a Supplemental Petition for Warrant for Offender Under Supervision and Judge Barker ordered the Supplemental Petition to be heard by the Magistrate Judge in conjunction with the prior Petition filed on November 14, 2013.

12. An Initial Hearing on the Supplemental Petition for Warrant on Offender Under Supervision was held on February 27, 2014 before Magistrate Judge James D. Moyer. Mr. Wilson appeared in person and with his retained counsel, David S. Mejia. The Government appeared by AUSA Bradley P. Shepard, via telephone. US Probation Officer Brian Bowers also participated in the proceedings.

13. A copy of the Supplemental Petition on Offender Under Supervision was provided to Mr. Wilson and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

14. Mr. Wilson was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Supplemental Petition.

15. Mr. Wilson was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

16. Mr. Wilson was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

17. Mr. Wilson was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Wilson had violated an alleged condition or conditions of his supervised release set forth in the Supplemental Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker=s designation entered on November 14, 2013 and February 26, 2014.

18. Mr. Wilson requested a preliminary hearing, which was subsequently set for March 7, 2014 at 12:00 PM. On March 5, 2014, Mr. Wilson, by counsel, filed a Motion to Continue the Preliminary Examination, to which the Government did not object. The Preliminary Hearing was continued to March 13, 2014 at 2:00 PM.

19. On March 19, 2014, Mr. Wilson, filed a Motion to Continue, to which the Government did not object. The Preliminary Hearing was reset for March 26, 2014 at 2:00 PM.

20. On March 26, 2014, Mr. Wilson appeared with retained counsel, David S. Mejia, at the scheduled preliminary examination.

21. At that time the defendant by counsel stated his readiness to waive the preliminary examination and proceed with the revocation hearing.

22. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

23. The parties stipulated the following in open Court:

   (a) As to Violation Numbers 1 through 7 of the Petition for Offender Under Supervision filed on November 14, 2013 and Violation Numbers 8 through 11 of the Supplemental Petition for Offender Under Supervision filed on February 26, 2014, the defendant admitted in open Court that he had violated these conditions.

   (b) The parties, by agreement, stipulated that the defendant=s supervised release would be revoked and the defendant would be sentenced to time served, from November 15, 2013 to the present, plus one day.

   (c) Upon completion of his term of imprisonment, Defendant would be returned to supervised release for life, under the same terms and conditions previously imposed with two additional conditions, one being a substance abuse treatment and testing condition, and the second being a special condition concerning where the defendant would serve the first year of his term of supervised release. The parties were not in agreement as to this special condition.

24. The Court then heard testimony of the witnesses and arguments of counsel regarding the disputed condition. Based on the testimony and arguments of counsel, the Court

recommended Defendant serve the first six (6) months of his supervised release at the Volunteers of America residential re-entry center in Indianapolis.

25. The Court then proceeded to a revocation hearing upon the allegations of alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 1 through 11 of said Petitions. The Court placed Mr. Wilson under oath and inquired of him whether he admitted to the specifications alleged in the Petition on Offender Under Supervision filed on November 14, 2013 and the Supplemental Petition on Offender Under Supervision filed on February 26, 2014, and Mr. Wilson admitted the violations contained in Violation Numbers 1 through 11. The Court specifically inquired of Mr. Wilson whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Wilson that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Wilson answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 through 11. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.** |
| | As previously reported to the Court in the <u>Report on Offender Under Supervision</u> dated March 27, 2012, shortly after his release from prison, this officer denied the offender's request to have contact with two associates known to have felony convictions, Alan Kingsbury and Dan Smith. |
| | On September 13, 2011, this officer encountered Alan Kingsbury at the offender's residence. On October 3, 2011, this officer encountered Dan Smith at his residence. |
| 2 | **The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered** |

| | |
|---|---|
| | **contraband and may be confiscated by the probation officer.** |
| 3 | **The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.** |
| | As previously reported to the Court, the offender submitted to a polygraph examination on September 8, 2011, revealing a deceptive response when he indicated he had not viewed any pornography. On September 13, 2011, this officer confronted the offender on the deceptive response and he admitted watching pornography on late night cable television. |
| | In October 2011, after attending only two sex offender treatment sessions, the offender quit attending treatment. He did not resume counseling until March 2012. |
| 4 | **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** |
| 5 | **The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer.** |
| | On April 19, 2012, the offender was found in possession of a Nintendo Wii, a gaming device which has a hard drive to store multimedia, ports for peripheral devices (USB and media cards), wireless Internet capabilities, and a web browser. Although he denied purchasing the device, further investigation determined he was the purchaser and lied to the probation officer. |
| 6 | **The defendant shall not commit another federal, state, or local crime.** |
| 7 | **The defendant shall refrain from any unlawful use of a controlled substance.** |
| | On October 31, 2013, a home contact was conducted. This officer conducted an audit of the offender's Oxycodone prescription determining a substantial shortage of pills. The offender initially stated he consumed the pills in larger quantities than prescribed; however, upon further questioning, he admitted selling his Oxycodone pills to various individuals and has engaged in the illegal dealing of his prescribed Oxycodone for approximately two years. He estimated selling 30 to 45 pills per month. |

| 8 | **The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.** |
|---|---|
| 9 | **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** |
| 10 | **The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer.** |

On November 14, 2013, the offender was arrested by Deputy United States Marshals on the <u>Petition for Warrant or Summons for Offender Under Supervision</u> dated November 14, 2013 (unsealed). During the arrest, the offender was found in possession of a smartphone and a Kindle device, both of which were Internet-enabled devices.

On November 15, 2013, the offender was interviewed and admitted he purchased a smartphone with an Internet plan in January 2013 and used the smartphone to regularly access adult pornography. He admitted in 2013 that he also acquired a Kindle device, despite his request to do so being denied by the probation officer. The offender admitted that he last accessed pornography approximately four days prior to his arrest on the violation (November 14, 2013). He admitted he was banned from the Harrison County Public Library for accessing pornography on their system. The offender admitted some of the pornography he viewed during the months may have been child erotica, but not child pornography.

On January 10, 2014, the director of the Harrison County Public Library confirmed the offender was banned from the library for accessing pornography on multiple occasions. The director advised the records did not indicate if the pornography accessed by Mr. Wilson was child or adult.

It is noted during home contacts with the offender on October 31, September 25, and May 2, 2013; he denied having any Internet-enabled devices or Internet connectivity.

| 11 | **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.** |
|---|---|

The offender submitted monthly report forms from April to November 2013 indicating he had no unauthorized access to the Internet and that he had not viewed any pornography.

26. Based on the information available to the Court, the Court further finds the following:

    (1) Mr. Wilson has a relevant criminal history category of I. *See,* U.S.S.G. ' 7B1.4(a).

    (2) The most serious grade of violation committed by Mr. Wilson constitutes a Grade A violation, pursuant to U.S.S.G. ' 7B1.1(b).

    (3) Pursuant to U.S.S.G. ' 7B1.4(a) and (b)(3)(A), upon revocation of supervised release, the range of imprisonment applicable to Mr. Wilson is 12 to 18 months.

    (4) The appropriate disposition for Mr. Wilson's violation of the conditions of supervised release is as follows:

    (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of time served, from November 15, 2013 to the present, plus one day.

    (b) Upon release from confinement, the Defendant shall be returned to supervised release for a term of life under the same terms and conditions previously imposed.

    (c) The following additional conditions shall also be imposed:

        1. The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The

      defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment.

    2.  The defendant shall reside at the Volunteers of America residential re-entry center in Indianapolis for a period of six months.

  The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that Mr. Wilson violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 through 11 of the Petitions. The defendant=s supervised release is hereby **REVOKED,** and Eric Rand Wilson shall be committed to the Bureau of Prisons to serve a term of imprisonment of time served, from November 15, 2013 to the present, plus one day. Upon release from confinement, Mr. Wilson shall be returned to supervised release for a term of life with the same terms and conditions previously imposed, as well as the added conditions of substance abuse testing and/or treatment and that defendant shall reside at the Volunteers of America facility in Indianapolis for a period of six (6) months.

  The Magistrate Judge requests that Brian Bowers, U.S. Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

  Counsel for the parties and Mr. Wilson stipulated in open court waiver of the objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D. Ind. L.R. 72.1 (d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Wilson entered the above stipulation and waiver after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Eric Rand Wilson's supervised release.

**IT IS SO RECOMMENDED** this  27th   day of March, 2014.

					_____
					Michael G. Naville, Magistrate Judge
					United States District Court

Distribution:

All electronically registered counsel via CM/ECF

U.S. Marshal

U.S. Probation Office